KAVANAUGH, Circuit Judge,
with whom Circuit Judge HENDERSON joins,
concurring:
I join the opinion of the Court. I write separately to add a few words about a point alluded to in the Court’s opinion: that this Circuit’s traditional sliding-scale approach to preliminary injunctions may be difficult to square with the Supreme Court’s recent decisions in Winter v. Natural Resources Defense Council, Inc., — U.S. -, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), and Munaf v. Geren, *1276 — U.S. -, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008).
In the Winter decision, the Supreme Court stated the requirements for a preliminary injunction definitively and clearly: “A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” Winter, 129 S.Ct. at 374. Importantly, the Winter Court rejected the idea that a strong likelihood of success could make up for showing only a possibility (rather than a likelihood) of irreparable harm. In other words, the Court ruled that the movant always must show a likelihood of irreparable harm. See id. at 375-76.
In last year’s decision in Munaf, the Court similarly stated: “We begin with the basics. A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right. Rather, a party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits.” 128 S.Ct. at 2219 (internal quotation marks and citations omitted). Munaf made clear that a likelihood of success is an independent, free-standing requirement for a preliminary injunction. Munaf means that a strong showing of irreparable harm, for example, cannot make up for a failure to demonstrate a likelihood of success on the merits.
In the related context of stays, moreover, the Court has reiterated the same principles. See Nken v. Holder, — U.S. -, 129 S.Ct. 1749, 1762, 173 L.Ed.2d 550 (2009) (requiring that movant for a stay “satisffy]” first two factors of likelihood of success and irreparable harm). There, Justice Kennedy added: “When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.” Id. at 1763 (Kennedy, J., concurring).
In light of the Supreme Court’s recent decisions, I tend to agree with Judge Fernandez’s opinion for the Ninth Circuit that the old sliding-scale approach to preliminary injunctions — under which a very strong likelihood of success could make up for a failure to show a likelihood of irreparable harm, or vice versa — is “no longer controlling, or even viable.” Am. Trucking Ass’ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009). It appears that a party moving for a preliminary injunction must meet four independent requirements. To be sure, the third preliminary injunction factor requires a balancing of the equities, but that’s an additional requirement, not a substitute for the first two requirements. In other words, under the Supreme Court’s precedents, a movant cannot obtain a preliminary injunction without showing both a likelihood of success and a likelihood of irreparable harm, among other things. With that observation, I join the opinion of the Court.